**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GAMAL A. KALINI,<br>      Appellant,<br><br>      v.<br><br>DEPARTMENT OF THE ARMY,<br>      Agency. | DOCKET NUMBERS<br>SF-1221-21-0056-C-2<br>SF-1221-21-0056-X-1<br><br><br>DATE: February 15, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cindi Fox</u>, Esquire, Berkeley, California, for the appellant.

<u>Laura Heller</u>, Esquire, and <u>Michael Halperin</u>, Monterey, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The agency has filed a motion to vacate the compliance initial decision, which granted, in part, and denied, in part, the appellant's petition for enforcement, to enter a settlement agreement into the record for enforcement purposes, and to dismiss the proceedings as settled.  For the reasons set forth

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

below, we JOIN the matters listed above,[2] REOPEN *Kalini v. Department of the Army*, MSPB Docket No. SF-1221-21-0056-C-2, on the Board's own motion under 5 U.S.C. § 7701(e)(1)(B) and 5 C.F.R. § 1201.118, VACATE the Board's final compliance decision, and DISMISS both matters as settled.

¶2     In October 2020, the appellant filed an individual right of action appeal. *Kalini v. Department of the Army*, MSPB Docket No. SF-1221-21-0056-W-1, Initial Appeal File (IAF), Tab 1.  The parties reached a settlement and, thereafter, an administrative judge issued an initial decision dismissing the appeal as settled. IAF, Tab 30, Initial Decision.  The appellant later filed a petition for enforcement, alleging that the agency was not in compliance with the settlement agreement.  *Kalini v. Department of the Army*, MSPB Docket No. SF-1221-21-0056-C-1, Compliance File (C-1 CF), Tab 1.  The appellant's petition for enforcement was dismissed without prejudice, C-1 CF, Tab 16, and later refiled, resulting in *Kalini v. Department of the Army*, MSPB Docket No. SF-1221-21-0056-C-2, Compliance File (C-2 CF), Tab 1.  In a compliance initial decision, an administrative judge granted, in part, and denied, in part, the appellant's petition for enforcement.  C-2 CF, Tab 10, Compliance Initial Decision (CID).  The compliance initial decision, which became final on August 18, 2022, ordered the agency to take certain actions to come into compliance with the settlement agreement.  CID at 16-17.  Thereafter, the administrative judge's finding of noncompliance was docketed as *Kalini v. Department of the Army*, MSPB Docket No. SF-1221-21-0056-X-1, Compliance Referral File (CRF), Tab 1.

¶3     While the finding of noncompliance was pending with the Board's Office of General Counsel in MSPB Docket No. SF-1221-21-0056-X-1, the parties reached a global settlement agreement.  CRF, Tab 9 at 4-8.  The agency filed a copy of the

---

[2] Joinder of two or more appeals filed by the same appellant is appropriate where doing so would expedite processing of the cases and will not adversely affect the interests of the parties.  *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2), (b).  We find these appeals meet the regulatory requirement; therefore, we join them.

settlement agreement in the MSPB Docket Nos. SF-1221-21-0056-X-1 and SF-1221-21-0056-C-2 and requested to enter the agreement into the record for enforcement purposes, to dismiss both matters, and to vacate the compliance initial decision.[3]  *Id.*; *Kalini v. Department of the Army*, MSPB Docket No. SF-1221-21-0056-C-2, Petition for Review File, Tab 1.

¶4    Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, whether they understand its terms, and whether they intend to have the agreement entered into the record for enforcement by the Board.  *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988).  We find here that the parties have entered into a settlement agreement, they understand its terms, and they want the Board to enforce those terms.  CRF, Tab 9 at 7.

¶5    In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face and whether the parties freely entered into it. *See Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 10-11 (2017).  We further find that the agreement is lawful on its face and freely entered into, and we accept the settlement agreement into the record for enforcement purposes.  Accordingly, we find it appropriate under the circumstances to vacate the Board's final compliance decision, dated July 14, 2022, and dismiss the appellant's petition for enforcement and subsequent enforcement proceedings with prejudice to refiling (i.e., the parties normally may not refile this appeal).

¶6    This is the final decision of the Merit Systems Protection Board in these appeals.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

---

[3] The appellant has not objected to the agency's request to vacate the initial decision.

## NOTICE TO THE PARTIES OF THEIR
## ENFORCEMENT RIGHTS

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal. The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties. 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

_____

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.